Citation Nr: 1761225 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-31 718 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a rating in excess of 30 percent from January 18, 2007, through June 7, 2017, for a service-connected migraine headache disability.

2. Entitlement to a total disability rating due to individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

T. Berryman, Associate Counsel


INTRODUCTION

The Veteran had active service in the Air Force from April 1994 to November 2004.

This case comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

In connection with this appeal, the Veteran testified at a hearing before the undersigned Veterans Law Judge in January 2015. A transcript of that hearing is of record.

In January 2016, the Board granted an increased rating of 30 percent for the Veteran's migraine headache disability, which was effectuated by a January 2016 rating decision. The Veteran appealed the Board decision to the United States Court of Appeals for Veterans Claims ("CAVC" or "the Court"). In January 2017, the Court issued an order that vacated the Board decision and remanded the claims for compliance with a Joint Motion for Remand (JMR).

In May 2017, the Board remanded the Veteran's claim for further development. The Board is satisfied that there was at the very least substantial compliance with its remand directives. See Dyment v. West, 13 Vet. App. 141, 146-157 (1999). 

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).



FINDING OF FACT

From January 18, 2007, through June 7, 2017, the Veteran's migraine headache disability was productive of severe economic inadaptability.


CONCLUSION OF LAW

The criteria for a 50 percent rating for a migraine headaches disability have been met from January 18, 2007, through June 7, 2017. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. § 4.124a, Diagnostic Code 8100 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the appellant working or seeking work. 38 C.F.R. § 4.2. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7. 

In January 2007, the Veteran filed an increased rating claim for her migraine headache disability. In March 2008, she was granted an increased rating of 10 percent, which she appealed to the Board. In a January 2016 Board decision, she was granted an increased rating of 30 percent, which was effectuated in a January 2016 rating decision. In the January 2017 JMR, the parties agreed that the Veteran's statements were not considered and that the 2015 VA examination offered no rational or explanation for its findings. In September 2017, she was granted an increased rating of 50 percent, the maximum schedular rating, effective June 7, 2017. As such, the period from January 18, 2007, through June 7, 2017, remains on appeal.

The Veteran's migraine headache disability is rated under Diagnostic Code 8100. A 30 percent rating is assigned for migraine headaches with characteristic prostrating attacks occurring on an average once a month over a several month period. A 50 percent rating, the maximum schedular rating allowed, is assigned for migraine headaches with very frequent completely prostrating and prolonged attacks that are productive of severe economic inadaptability. 38 C.F.R. § 4.124a, Diagnostic Code 8100.

The rating criteria do not define "prostrating;" nor has the Court. By way of reference, the Board notes that according to WEBSTER'S NEW WORLD DICTIONARY OF AMERICAN ENGLISH, THIRD COLLEGE EDITION (1986), p. 1080, "prostration" is defined as "utter physical exhaustion or helplessness." A very similar definition is found in DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1367 (28th Ed. 1994), in which "prostration" is defined as "extreme exhaustion or powerlessness." 

In January 2008, the Veteran was afforded a VA examination. The examiner reported that the Veteran had chronic migraine headaches with daily exacerbations. The examiner noted that the Veteran was unable to work due to her migraine headache disability.

In April 2008, the Veteran reported that she had one to two migraine headaches per week that resulted in her being unable to get out of bed, being unable to drive, and missing work and school.

In November 2008, the Veteran was afforded a VA examination. The examiner reported that the Veteran was unable to leave her house or go to work when she had a severe migraine headache due to pain and severe nausea.

The Veteran's treatment records show that by April 2009, she reported having four migraine headaches per week.

In November 2009, the Veteran reported that she had daily migraine headaches that were so severe she was unable to get out of bed for three days. Her employer reported that the Veteran left early due to her migraine headaches at least three out of five days per week. Her assistant reported that the Veteran had migraine headaches at least half of her time at work. In March 2011 and April 2011, she reported that her migraines had increased in severity. In August 2011 and January 2012, she reported having daily migraine headaches. In June 2013, she reported having more frequent and severe migraine headaches. In January 2014, she reported having three migraine headaches per week.

At the January 2015 Board hearing, the Veteran testified that she had migraine headaches four to six times per week. She also testified that she has been unable to find employment for four years due to her migraine headache disability.

Lay testimony is competent to establish the presence of observable symptomatology, such as the frequency and effects of her migraine headache disability. Layno v. Brown, 6 Vet. App. 465, 469 (1994). For example, when a condition may be diagnosed by its unique and readily identifiable features, the presence of the disability is not a determination "medical in nature" and is capable of lay observation. In such cases, the Board is within its province to weigh that testimony and to make a credibility determination. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

The Veteran has credibly testified and reported that she has had prostrating migraines daily that are productive of severe economic inadaptability as she was unable to sustain fulltime employment.

As noted, the maximum 50 percent schedular rating is assigned when the Veteran's migraines occur frequently with completely prostrating and prolonged attacks productive of severe economic inadaptability.

In this case, the Veteran was unable to sustain fulltime employment due to her migraine headache disability. As such, the maximum 50 percent schedular rating is warranted from January 18, 2007, through June 7, 2017.

The Board has also considered whether an inferred claim for TDIU under Rice v. Shinseki, 22 Vet. App. 447 (2009) has been raised. At the January 2015 Board hearing, she testified that she has been unable to find employment due to her migraine headache disability. As discussed more fully below, the issue of TDIU is remanded.

In light of this result, a detailed discussion of VA's various duties to notify and assist is unnecessary (because any potential failure of VA in fulfilling these duties is harmless error).


ORDER

A disability rating of 50 percent is granted for the Veteran's migraine headache disability from January 18, 2007, through June 7, 2017, subject to the laws and regulations governing the award of monetary payments.


REMAND

At the January 2015 Board hearing, she testified that she has been unable to find employment due to her migraine headache disability. Pursuant to Rice v. Shinseki, 22 Vet.App. 447 (2009), a claim for a TDIU either expressly raised by the Veteran or reasonably raised by the record involves an attempt to obtain an appropriate rating for a disability and is part of the claim for an increased rating. As such, a remand is warranted in order to adjudicate the issue of TDIU.

Accordingly, the case is REMANDED for the following action:

1. Adjudicate the issue of a TDIU. 

2. If the claim remains denied, provide the Veteran and her representative with a supplemental statement of the case and allow an appropriate time for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




____________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs